UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,                       Case No. 01-80361
                                            HON. GEORGE CARAM STEEH

vs.

FREDERICK LAMARR MCCLOUD,

            Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
FOR NUNC PRO TUNC ORDER (DOC. # 280)

Before the court is defendant McCloud's motion for a nunc pro tunc order correcting his sentence. McCloud protests two aspects of his August 16, 2006 resentence. First, McCloud claims this court did not properly merge his sentences for brandishing a firearm and using a destructive device in furtherance of a crime of violence. Second, McCloud claims this court did not address his request for a reduced sentence for accepting responsibility for his offenses under U.S.S.G. § 3E1.1. For the reasons set forth below, McCloud's motion shall be DENIED.

As an initial matter, 28 U.S.C. § 2255 provides the means by which McCloud may seek a correction to his sentence. Habeas corpus is not available to him unless the statutory remedy is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e). McCloud provides no evidence of inadequacy or ineffectiveness and the court finds none. Because McCloud's motion is properly construed as a § 2255 motion, the limitation period for filing the motion applies, and that limitation period

-1-

expired long before the present motion was filed.  28 U.S.C. § 2255(f)(1).  As such, McCloud's motion is time barred, and the court need not provide him the opportunity to withdraw or amend his motion.

Even if the court were to consider his specific claims, McCloud's claim of improper merging is precluded in this proceeding, as it was heard on appeal from his 2006 resentencing and denied on plain error review.  *See DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996); *United States v. Brown,* 62 F.3d 1418 (6th Cir. 1995), *cert. denied,* 516 U.S. 942, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995); *Warren v. United States,* 1994 WL 486625 (6th Cir. 1994).  Likewise, McCloud's claim that the court ignored his August 16, 2006 request for a reduced sentence for accepting responsibility is waived in this proceeding, as it was not raised on appeal from his 2006 resentencing. *See United States v. LaFond*, 900 F.2d 260 (6th Cir. 1990); *United States v. McGee*, CR. 05-CR-81042-DT, 2007 WL 1266385 (E.D. Mich. Apr. 30, 2007).

Finally, McCloud offers no evidentiary support for his claims and the record indicates they are without merit.  McCloud's explanation for why his sentences were improperly merged is largely incomprehensible, and as stated before, the Court of Appeals affirmed this court's 2006 resentencing on review.  In addition, McCloud offers no proof that he argued for a reduction of sentence under U.S.S.G. § 3E1.1, or that the court failed to consider whether he qualified.  Regardless, McCloud's harassment of prosecutors and other obstreperous conduct prior to his 2006 resentencing certainly provided a sufficient basis for finding he had not accepted responsibility for his offenses. *See* U.S.S.G. § 3E1.1, Application Notes 4 & 5.

-2-

For the above reasons, McCloud's motion is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated:  April 2, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 2, 2014, by electronic and/or ordinary mail and also on
Frederick LaMarr McCloud #29459-039, FCI Fort Worth,
Federal Correctional Institution, P. O. Box 15330,
Fort Worth, TX  76119.

s/Barbara Radke
Deputy Clerk

---

-3-