UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Case No. 01-CR-80361
                                           HON. GEORGE CARAM STEEH

vs.

FREDERICK LAMARR MCCLOUD,

    Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO AMEND (Doc. 283)
AND DENYING ISSUANCE OF CERTIFICATE OF APPEALABILITY

    Federal prisoner Frederick McCloud pleaded guilty in September 2001 to bank robbery, brandishing a firearm in furtherance of a crime of violence, using a destructive device in furtherance of a crime of violence, and being a felon in possession of a firearm. After remand, this court sentenced defendant to twenty-three years in prison, and the Sixth Circuit affirmed. On January 3, 2014, defendant, appearing *pro se,* filed a motion for nunc pro tunc, which this court construed as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, and denied on April 2, 2014. On April 14, 2014, defendant filed a motion to amend his motion for nunc pro tunc, which is the matter now before the court. On April 25, 2014, defendant filed a notice of appeal of the court's order denying his motion for nunc pro tunc, and requested that his notice of appeal be stayed pending the court's disposition of his motion for reconsideration. The court's docket does not reflect that defendant filed a motion for reconsideration; thus, it appears that defendant refers to his

-1-

motion to amend as a motion for reconsideration. Because defendant seeks to add a new theory of recovery in his motion to amend, however, it is clear that the motion is properly characterized as a motion to amend, and not as a motion for reconsideration.

This court lacks jurisdiction to consider defendant's motion to amend. A timely notice of appeal normally divests the district court of jurisdiction. Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir. 1993). Because defendant filed his notice of appeal on April 25, 2014, this court lacks jurisdiction to consider his earlier filed motion to amend, and the motion is DENIED.

There are several exceptions, however, to the general rule that a notice of appeal divests the district court of jurisdiction. Under one of the exceptions, a timely filed motion for reconsideration tolls the time for appeal, and the district court retains jurisdiction to rule on the motion. Odom v. United States, 229 F.3d 1153, 2000 WL 1175630, *1 (6th Cir. 2000) (citing Fed. R. App. P. 4(a)(4)). Even if this court were to construe defendant's motion to amend as a motion for reconsideration, and thus, consider it on the merits, the motion lacks any basis in fact or law and shall be denied. A motion for reconsideration may be granted as follows:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3). Defendant has failed to meet his burden here.

Defendant's request to add a claim that he was misled as to the applicable guideline range at his sentencing must be denied because that claim is time-barred under 28 U.S.C. § 2255(f)(1). In addition, the claim is belied by the record. Defendant claims that he recently viewed an April, 2002 pre-sentence report setting forth a much lower guideline range than that used by the court at his initial sentencing in 2003 and at his re-sentencing in 2006. That April, 2002 version was amended on November 13, 2002, after defendant pled guilty to an additional charge of bank robbery on September 2, 2002. At his initial sentencing in 2003, defendant admitted that he had read and discussed the pre-sentence report with his attorney and read it on his own as well, and stated that he agreed with the guideline range set forth in the report. (Doc. 135 at 3-4). Although defendant now claims he only admitted to reading the April, 2002 pre-sentence report, at sentencing the court stated the guideline range provided for in the November, 2002 report, and defendant did not object. Id. at 4. Upon remand, there was no new pre-sentence report issued. (Doc. 204-2 at 12). At his re-sentencing, defendant addressed the guideline range as set forth in the November, 2002 pre-sentence report, as well as the report's finding that he was a regular marijuana user. (Doc. 201-2 at 16-17). Thus, contrary to defendant's allegations now, it is clear from the record that defendant did review and address the pre-sentence report prepared on November 13, 2002, and was not misled to believe the earlier pre-sentence report of April 4, 2002 applied to his plea in 2003. Accordingly, even if this court construes defendant's motion to amend (Doc. 283) as a motion for reconsideration, the motion is **DENIED.**

Under Fed. R. App. P. 22, an appeal may not proceed absent a certificate of appealability (COA) issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds no substantial showing of the denial of a constitutional right was made by defendant in these proceedings, and accordingly the issuance of a certificate of appealability is **DENIED**. In addition, because any appeal of this order or the court's order denying defendant's motion for nunc pro tunc would not be taken in good faith, defendant is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

Dated: May 12, 2014

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 12, 2014, by electronic and/or ordinary mail and also on Frederick L. McCloud #29459-039, FCI Fort Worth, P. O. Box 15330, Fort Worth, TX 76119.

s/Barbara Radke
Deputy Clerk