UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

                                        CASE NO. 01-CR-80361
v.                                     HONORABLE GEORGE CARAM STEEH

D-3 FREDERICK LAMARR
MCCLOUD,

    Defendant- Petitioner.
_____/

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION (Doc. 296) and
TRANSFERRING SUCCESSIVE PETITION TO COURT OF APPEALS (Doc. 300)

Defendant Frederick McCloud pleaded guilty in September 2001 to bank robbery, brandishing a firearm in furtherance of a crime of violence, using a destructive device in furtherance of a crime of violence, and being a felon in possession of a firearm.  Now before the court are defendant's two motions to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  Defendant filed his first motion on January 15, 2016 (Doc. 296) on the basis of ineffective assistance of counsel on the grounds that his attorney allegedly failed to discuss his presentence report ("PSR") with him.  (Doc. 296).  One month later, on February 8, 2016, defendant filed a second § 2255 petition alleging six new reasons for the relief sought.  Since Defendant is a pro se movant, the court will liberally construe his arguments. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir.1985) ( "[A]llegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction.") (citation and internal quotation marks omitted).  The motion is untimely under 28 U.S.C. §

2255(f)(1). Defendant argues the motion is not time-barred based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), but that case involved striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague. Defendant was not sentenced under the Armed Career Criminal Act, and thus, *Johnson* did not toll the statute of limitations here. Defendant also argues the statute of limitations was tolled because he did not learn of an amended PSR in his case until January 10, 2014, and thus, was unaware until that time of his ineffective assistance of counsel claim. Defendant's claim is belied by the record.

In this case, there was an original PSR entered on April 4, 2002, and an amended PSR dated November 13, 2002. Defendant's claim that he did not know about the November, 2002 PSR is contradicted by the record. Defendant claims he pled guilty based on the April 4, 2002 PSR and relied on the more lenient guideline range set forth therein. (Doc. 296). That April, 2002 version was amended on November 13, 2002, after defendant pled guilty to an additional charge of bank robbery on September 2, 2002. At his initial sentencing in 2003, defendant admitted that he had read and discussed the PSR with his attorney and read it on his own as well, and stated that he agreed with the guideline range set forth in the report. (Doc. 135 at 3-4). Although defendant now claims he only admitted to reading the April, 2002 PSR, at sentencing the court stated the guideline range provided for in the November, 2002 report, and defendant did not object. *Id.* at 4. Upon remand, there was no new PSR issued. (Doc. 204-2 at 12). At his re-sentencing, defendant addressed the guideline range as set forth in the November, 2002 PSR, as well as the report's finding that he was a regular marijuana user. (Doc. 201-2 at 16-17). Thus, contrary to defendant's allegations now, it is clear from the record that defendant did review

and address the PSR prepared on November 13, 2002, and was not misled to believe the earlier PSR of April 4, 2002 applied to his plea in 2003. Accordingly, even if defendant's § 2255 motion is timely, it lacks merit and is **DENIED.** Defendant's request for an evidentiary hearing also is **DENIED** for lack of merit.

The court turns now to defendant's second § 2255 motion filed on February 8, 2016. (Doc. 300). Before a petitioner may file a second or successive § 2255 motion in this court, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.") Accordingly, the clerk of the court **SHALL TRANSFER** defendant's motion to vacate sentence under § 2255, (Doc. 300), to the United States Court of Appeals for the Sixth Circuit.

Under Fed. R. App. P. 22, an appeal may not proceed absent a certificate of appealability (COA) issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds no substantial showing of the denial of a constitutional right was made by defendant in these proceedings, and accordingly the issuance of a certificate of appealability is **DENIED**. In addition, because any appeal of this order or the court's order denying defendant's motion to vacate, set aside, or correct his sentence would not

be taken in good faith, defendant is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

Dated:  March 2, 2016

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 2, 2016, by electronic and/or ordinary mail and also on Frederick LaMarr McCloud #29459-039, FCI-Forrest City Low, P.O. Box 9000, Forrest City, AR  72336.

s/Barbara Radke
Deputy Clerk