UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff-Respondent,

                            Case No. 01-cr-80361

vs.                        Case No. 16-cv-10222

                            HON. GEORGE CARAM STEEH

FREDERICK LAMARR MCCLOUD,

     Defendant-Petitioner.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 (Doc. 300)**

Petitioner Frederick McCloud is serving a 276-month sentence after pleading guilty to bank robbery and related counts. Now before the court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 300), which this court construes as a motion to amend his earlier filed § 2255 motion. For the reasons set forth below, the court considers Petitioner's motion on the merits as he is entitled to amend as a matter of right, but the motion shall be DENIED as the claims are untimely, procedurally defaulted, and lack merit. Petitioner filed his motion pro se, but an attorney filed a reply brief on his behalf.

## I. Factual Background and Procedural History

On September 24, 2001, Petitioner pleaded guilty to (1) bank robbery in violation of 18 U.S.C. § 2113(a); (2) brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); (3) using a destructive device in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(B)(ii); and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On November 6, 2003, Petitioner was sentenced to a total of 300-months imprisonment. (Doc. 116). Petitioner appealed his sentence.

On August 2, 2005, the Sixth Circuit remanded the case to this court with direction to merge the § 924(c) counts and impose a new sentence. Upon remand, the court appointed Jill Price to represent Petitioner and set resentencing for November 28, 2005. (Doc. 156). On November 28, 2005, prior to resentencing, Petitioner filed a motion to disqualify counsel and represent himself. (Doc. 157). The Court granted Petitioner's request but appointed attorney Jill Price as stand-by counsel, and adjourned resentencing until August 16, 2006. (Doc. 203-2). At resentencing, the court sentenced Petitioner to a 276-month sentence, reflecting merger of the § 924(c) counts. (Doc. 196). Petitioner appealed, alleging that his

convictions were improperly merged. The Sixth Circuit affirmed. (Doc. 212).

On January 3, 2014, Petitioner filed a "Motion for Nunc Pro Tunc Order." (Doc. 280). In that motion, Petitioner argued that (1) his sentences were improperly merged and that (2) he should have received an adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. *Id.*

On April 2, 2014, this court denied relief, and construed that motion as a petition under 28 U.S.C. § 2255. (Doc. 282). The court found that (1) the motion was untimely; (2) petitioner had not presented any evidence of ineffective assistance of counsel; and (3) petitioner's claims regarding his sentence had been addressed on appeal. *Id.* Petitioner appealed the order. (Doc. 294). On June 24, 2015, the Sixth Circuit affirmed this Court's holding as to the Petitioner's sentencing claims, and the denial of Petitioner's Motion for "Nunc Pro Tunc Order," but held that Petitioner's motion could not be construed as a first motion under 28 U.S.C. § 2255 because the court did not warn him of the consequences of such a filing. *Id.*

On January 15, 2016, Petitioner filed a motion pro se under 28 U.S.C. § 2255 (January § 2255 motion). (Doc. 296). He alleged (1) ineffective assistance of counsel because his attorney failed to discuss the amended presentence report ("PSR") with him; and (2) argued that his motion was

not time-barred based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* On February 8, 2016, while his first § 2255 motion was pending, Petitioner filed a second § 2255 motion (February § 2255 motion) pro se that raised six additional claims. (Doc. 300).

On March 2, 2016, this court denied Petitioner's January § 2255 motion as untimely and without merit, and transferred the February § 2255 motion to the Sixth Circuit for authorization as a successive petition. (Doc. 302). Petitioner did not appeal. On May 16, 2016, the Sixth Circuit held that the transfer of the February § 2255 motion was erroneous, noting that it should have been construed as a motion to amend Petitioner's January § 2255 motion. (Doc. 304). Thus, the Court now considers whether Petitioner should be allowed to amend or supplement his January § 2255 motion and finds that he may do so.

## II. Standard of Law

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to amend a 28 U.S.C. § 2255 motion. *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). Rule 15(a)(1)(B) allows for amendment "once *as a matter of course*" without leave of court at any time before the

movant is served with the government's responsive pleading.  In this case,

one month after Petitioner filed his first § 2255 motion on January 15, 2016,

Petitioner filed his second § 2255 motion on February 8, 2016, prior to the

government's responsive pleading.  Accordingly, Petitioner may amend his

January, 2016 § 2255 motion and the court considers his February, 2016 §

2255 motion on the merits.  However, the claims raised in the second filed

motion are time-barred, procedurally defaulted, and without merit.  Also,

Petitioner cannot rely on the relation back doctrine because the claims he

raised in his initial January, 2016 § 2255 motion were also dismissed as

untimely.

## III. Analysis

Petitioner raises the following six claims in his § 2255 motion: (1) that

his remaining conviction under § 924(c) cannot be sustained in light of the

vagueness doctrine announced in *Johnson*, *supra*, which Petitioner claims

applies retroactively to his conviction; (2) that his right to the effective

assistance of counsel was violated when counsel (a) failed to review the

amended PSR with him prior to sentencing, (b) failed to investigate the

base offense level under the Guidelines, (c) failed to object to the

calculation of his criminal history score, and (d) failed to object to a two

level enhancement based on a co-defendant's conduct; (3) that his right to Due Process was violated when the court failed to respond to his objections to the PSR and to assess § 3553(a) factors at resentencing; (4) that his right to Due Process was violated when the district court failed to recalculate the sentencing guidelines upon remand for resentencing; (5) that his right to Due Process was violated when the court failed to explain its chosen sentence at the August 16, 2006 resentencing hearing; and (6) sentenced and resentenced him based on erroneous information.

In response, the Government argues that Petitioner's claims are barred by the statute of limitations, lack merit, and that, by not raising certain claims on appeal, Petitioner has procedurally defaulted those claims. Petitioner, with the assistance of an attorney, filed a reply to the Government's response arguing that (1) his request for relief is timely under § 2255(f)(3) due to the recent Supreme Court decision in *Johnson*; (2) that his claims of ineffective assistance of counsel during his original sentencing hearing are timely under § 2255(f)(4); and, (3) in the alternative, that he should be entitled to equitable tolling because he allegedly was not made of the amended PSR until years after resentencing.

## A.  *Johnson* claim

The court first considers whether *Johnson* applies retroactively to demonstrate that his conviction under § 924(c) is improper, and finds that it does not. Petitioner's claims pursuant to *Johnson* lack merit and are time-barred. The applicable limitation period runs from the latest of-

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). In this case, the one-year statute of limitations ran from the date on which the judgment of conviction became final. Where, as here, a defendant pursues a direct appeal but does not petition the United States Supreme Court for a writ of certiorari, the judgment becomes final when the time expires for filing a petition for a writ of certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). Such a petition is timely when it is filed within 90

days after entry of the appellate court's judgment. Sup. Ct. R. 13(3). In this case, the Sixth Circuit's decision issued on February 15, 2008. Consequently, the statute of limitations started to run 90 days from that date, on May 15, 2008. Petitioner had one year from May 15, 2008 to file his motion. Thus, he needed to file his § 2255 motion by May 15, 2009. He filed on January 15, 2016, long after the limitations period expired.

Petitioner has not convinced the court that his *Johnson* claim should be considered timely under § 2255(f)(3). 28 U.S.C. § 2255(f)(3) starts the statute of limitations on the "date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" Petitioner suggests that his argument that his convictions and sentence under § 924(c) must be vacated in light of the vagueness doctrine announced in *Johnson*, *supra*, should be considered timely filed under § 2255(f)(3) because he filed them within one year of the decision in *Johnson*. Petitioner's argument lacks merit.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined the term "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another,"

is unconstitutionally vague. 135 S. Ct. at 2563. The Court later found that its holding in *Johnson* announced a new substantive rule of constitutional law that applies retroactively to ACCA cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Although Petitioner was not convicted under the ACCA, he asserts that the decision in *Johnson* applies to the § 924(c)(1) convictions and the residual clause found under § 924(c)(3)(B), which he challenges as void for vagueness.

The Sixth Circuit rejected such challenges in *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016). In *Taylor*, the Sixth Circuit examined whether the language of § 924(c) defining "crime of violence," which the Petitioner herein challenges, was unconstitutionally vague under the analysis in *Johnson* and found that it was not because the statutory language is distinctly narrower than the ACCA residual clause, "especially in that it involves physical force rather than physical injury." 814 F.3d at 376. Based on this distinction, the Sixth Circuit held that § 924(c)(3)(B), unlike the ACCA residual clause, is not unconstitutionally vague, and upheld Taylor's conviction. Id. at 375-79. Based on the Sixth Circuit's decision in *Taylor*, Petitioner's argument under *Johnson* does not operate to render his claims timely under § 2255(f)(3).

**B.     Ineffective Assistance of Counsel Claims**

The court turns now to Petitioner's claims for ineffective assistance of counsel, and finds that the claims lack merit and are otherwise time-barred. Petitioner was originally sentenced on November 6, 2003, when he was represented by attorney Sequoia Dubose. (Doc. 116).  Petitioner appealed that sentence, and the Sixth Circuit Court of Appeals remanded the case to this court for resentencing with direction that the court merge the two § 924(c) counts and impose a new sentence. (Doc. 151).   On remand, Petitioner was resentenced to 276-months, and the § 924(c) counts were merged. (Doc. 196).  Petitioner appealed once again, and the Sixth Circuit affirmed. (Doc. 212). Because Petitioner's original sentence was vacated, it cannot provide the basis for his ineffective assistance of counsel claims.

At resentencing, Petitioner waived his right to counsel and requested to proceed *pro se*. The court granted Petitioner's motion and appointed attorney Jill Price as stand-by counsel. By exercising his constitutional right to represent his own defense, Petitioner waived any claims of ineffective assistance of counsel arising from resentencing. *See Faretta v. California*, 422 U.S. 806, 834 (1975).  A defendant cannot waive his right to counsel and then complain about the quality of his own defense.  *Id.* at 834 n.46.

Here, Petitioner voluntarily elected to assert his *Faretta* rights at resentencing. He does not challenge that waiver. Accordingly, his claim for ineffective assistance of counsel at resentencing fails. *Holmes v. United States*, 281 F. App'x 475, 480 (6th Cir. 2008). Even if stand-by counsel failed to act in some manner, such failure is incidental to his decision to appear pro se, and is not the basis for an ineffective assistance of counsel claim. *Id.* at 480-81. Therefore, even if Petitioner's ineffective assistance of counsel claims were timely, they lack merit as he elected to proceed pro se.

Moreover, Petitioner's argument that his ineffective assistance counsel claims should be considered timely under § 2255(f)(4) is without merit. 28 U.S.C. § 2255(f)(4) starts the statute of limitations on the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner's ineffective assistance of counsel claims stem from his alleged unawareness of the amended PSR prior his original sentencing and resentencing hearings. Petitioner asserts that these claims are timely under § 2255(f)(4) because they were filed within one year of the date he was able to discover through the exercise of due diligence the fact that he was not made aware of the

amended PSR by counsel.  But Petitioner asserts that he first learned of

the amended PSR on January 10, 2014, yet he did not file his § 2255

motion until January 15, 2016, thus filing outside the one-year period.

Accordingly, § 2255(f)(4) does not save his ineffective assistance of

counsel claims.  Petitioner claims that he could not file his § 2255 motion

earlier because his appeal of the denial of his motion for nunc pro tunc was

pending before the Sixth Circuit Court of Appeals.  The Sixth Circuit issued

its opinion on June, 2015 and the mandate was issued on August, 2015.

The court considers this argument as part of his equitable tolling claim.

Petitioner also argues that he should be entitled to equitable tolling

because counsel failed to provide him with a copy of the amended PSR or

notify him of its existence, and alleges that he did not become aware of its

existence until many years after resentencing.  A petitioner seeking

equitable tolling must establish first "that he has been pursuing his rights

diligently" and second "that some extraordinary circumstance stood in his

way and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 649

(2010); *see also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d

745, 750 (6th Cir. 2011). Courts grant equitable tolling "sparingly."

*Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner has failed to demonstrate such an extraordinary circumstance exists here. First, Petitioner admits he knew of the amended PSR as of January 10, 2014, but could not file his § 2255 motion within one-year of that date because the appeal of the denial of his nunc pro tunc motion was pending. The Sixth Circuit denied that appeal in June, 2015 and issued the mandate in August, 2015. It was not reasonable for Petitioner to delay filing his § 2255 motion for an additional five months, when he knew of the claim for nearly two-years prior to the filing date.

Moreover, the record in this case indicates that Petitioner was aware of the amended PSR at sentencing and resentencing. In this case, there was an original PSR entered on April 4, 2002, and an amended PSR dated November 13, 2002. That April, 2002 version was amended on November 13, 2002, after Petitioner pled guilty to an additional charge of bank robbery on September 23, 2002 under a separate docket number, 02-CR-80188-DT-03. Petitioner's claim that he did not know about the November, 2002 PSR is contradicted by the record. Petitioner claims he pled guilty based on the April 4, 2002 PSR and relied on the more lenient guideline range set forth therein. (Doc. 296). At his initial sentencing in 2003, Petitioner admitted that he had read and discussed the PSR with his attorney and

read it on his own as well, and stated that he agreed with the guideline range set forth in the report. (Doc. 135 at 3-4). Although Petitioner now claims he only admitted to reading the April, 2002 PSR, at sentencing the court stated the guideline range provided for in the November, 2002 report, and Petitioner did not object. *Id.* at 4. Upon remand, there was no new PSR issued. (Doc. 204-2 at 12). At his resentencing, Petitioner addressed the guideline range as set forth in the amended PSR, as well as the report's finding that he was a regular marijuana user. (Doc. 201-2 at 16-17). Thus, contrary to Petitioner's allegations now, it is clear from the record that he was aware of the revised guideline range set forth in the amended PSR, and was not misled to believe the earlier guideline range set forth in the PSR of April 4, 2002 applied to his plea in 2003. Based on evidence that Petitioner was aware of the revised guideline range set forth in the amended PSR prior to sentencing and resentencing, Petitioner's ineffective assistance of counsel claim, not only is time-barred, but lacks merit.

## C. Procedurally Defaulted Claims

In addition to being time-barred, Petitioner's claims alleging errors on the part of the court in imposing his sentence (claims 3, 4, 5, and 6) are

procedurally defaulted. A claim is procedurally defaulted if it is the type of claim that "can be fully and completely addressed on direct review based on the record created" in the trial court, but was not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default doctrine does not apply to claims that require development of facts outside the trial record. *Id.*

As mentioned previously, Petitioner alleges that the court erred in imposing his sentence in the following four ways: (1) by failing to respond to his objections to the PSR and to assess § 3553(a) factors at sentencing; (2) by failing to recalculate the sentencing guidelines upon remand for resentencing; (3) by failing to explain its chosen sentence at the August 16, 2006 resentencing hearing; and (4) sentencing and resentencing him based on erroneous information. These claims are based on facts that can be found in the trial record, and none of them are based on allegations of ineffective assistance of counsel. By failing to raise these claims in his appeals, Petitioner has waived the right to raise them in his § 2255 motion. A procedurally defaulted claim may be raised in habeas "only if the defendant can first demonstrate either 'cause' and 'prejudice,' or that he is

actually innocent.'" *Id.* (citations omitted). Petitioner has demonstrated neither.

## IV. Conclusion

Because Petitioner's claims are time-barred, procedurally defaulted, and lack merit, Petitioner's motion (Doc. 300) to vacate, set aside, or correct sentence pursuant to § 2255 (Doc. 300) is DENIED.

Under Federal Rule of Appellate Procedure 22, an appeal may not proceed absent a certificate of appealability (COA) issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds no substantial showing of the denial of a constitutional right was made by defendant, and accordingly DENIES the issuance of a certificate of appealability.

IT IS SO ORDERED.

Dated: June 12, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Certificate of Service

Copies of this Opinion and Order were served upon attorneys of record on June 12, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk