UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

FREDERICK LAMARR MCCLOUD,

    Defendant.
_____/

Case No. 01-80361

Hon. George Caram Steeh

ORDER DENYING MOTION TO
REDUCE SENTENCE (ECF NO. 389)

Defendant Frederick McCloud violated the conditions of his supervised release and was sentenced to forty-eight months of imprisonment on September 6, 2022. Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c), arguing that his criminal history category and resulting sentence should be lowered based upon retroactive amendments to the United States Sentencing Guidelines (Amendment 821), which went into effect on November 1, 2023. In particular, amended section 4A1.1(e) reduces or eliminates the number of status points added to a defendant's criminal history score if he commits an offense while on probation or supervised release. *See United States v. Giles*, 2024 WL

465932, at *1 (W.D. Mich. Jan. 8, 2024) ("'Status points' are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status."). Defendant contends that the application of this new guideline should reduce his criminal history category and resulting guidelines range.

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, § 3582(c)(2) authorizes the court to modify a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* The court may reduce a defendant's sentence only if the sentencing factors set forth in § 3553(a) weigh in favor of a reduction and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," that is, § 1B1.10. *Id.* Therefore, the court conducts a two-step inquiry: "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The court revoked Defendant's supervised release and sentenced him to a term of imprisonment for supervised release violations. Amendment 821 and § 1B1.10 only apply to potentially reduce an original sentence, not a sentence imposed after the revocation of supervised release. As stated in the comment to § 1B1.10, "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 cmt. 8(A); *see also United States v. Avalos-Gallegos,* No. CR 5:19-019-DCR, 2024 WL 1403073, at *2 (E.D. Ky. Apr. 1, 2024) ("Simply put, a sentence imposed upon revocation of supervised release cannot be reduced pursuant to Amendment 821."). Because a sentence reduction would not be consistent with § 1B1.10, the court lacks the authority to modify Defendant's sentence.

Therefore, IT IS HEREBY ORDERED that Defendant's motion for reduction in sentence (ECF No. 389) is DENIED.

Dated: June 27, 2024

                                        s/George Caram Steeh
                                        HON. GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

- 4 -

> **CERTIFICATE OF SERVICE**
>
> Copies of this Order were served upon attorneys of record on June 27, 2024, by electronic and/or ordinary mail and also on Frederick Lamarr McCloud #29459039, Talladega Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Talladega, AL 35160.
>
> s/LaShawn Saulsberry
> Deputy Clerk

- 4 -